UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JENSON,<br><br>         Plaintiff,<br><br>v.<br><br>JERRY MELLODY, JAMES WHITLOW, BRETT DAEE, LAWRENCE BASKIR, JOAN STENTIFORD SWYERS, RYAN SMITH, PAUL RINALDI, MARGUERITE GRAF, JOHN CARR, RUTH MARLIN, VENTRIS GIBSON, RANDY BABBITT, TAMI WRIGHT, STEPHEN GAFFIN, ANTHONY TISDALL, JEFFREY SUMBERG,<br><br>         Defendant. | Case No. 2:10-cv-00493-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending before the Court is Defendants' Motion to Dismiss (Docket No. 8), Plaintiff's Motion to Dismiss Defendant's Attorney (Docket No. 12)[1] and Defendants' Motion for a Pre-filing Order (Docket No. 19). Having thoroughly reviewed the record, and heard oral arguments of the parties on July 20, 2011, the Court enters the following Order.

---

[1] Plaintiff clarified that this "motion" is actually intended to be a response to Defendants' Motion to Dismiss, and not, as it would appear, a motion for sanctions. *See Plaintiff's Conformation of Opposition to Motion* (Docket No. 16). Accordingly, it will be considered a substantive response to Defendants' Motion to Dismiss and will be dismissed as moot.

**MEMORANDUM DECISION AND ORDER -1-**

# I.

# BACKGROUND

Plaintiff Tracy Jenson ("Jenson") is a former Federal Aviation Administration ("FAA") air traffic controller seeking to recover earnings lost due to the FAA's alleged non-compliance with pay regulations, resulting in a failure to provide him with a two-step pay increase when he transferred to higher level airport facility due to a delayed transfer as part of an FAA privatization plan. During his employment with the FAA, Jenson was represented by the National Air Traffic Controllers Association ("NATCA"), which negotiated a collective bargaining agreement with the FAA.

In this action, Jenson makes various conspiracy claims against the named defendants, whom he claims "has failed to correct [the] illegal deprivation of pay raises and has participated in the continuance of the violation of . . . federal laws." *Complaint*, 4 (Docket No. 2). Jenson does not specifically identify who each Defendant is in relation to the litigation, or which defendant, if any, was properly served.

On October 25, 2011, counsel for defendants Ryan Smith, Paul Rinaldi, Marguerite Graff, John Carr and Ruth Marlin ("NATCA Defendants" or "Defendants") made an appearance and filed a motion to dismiss. (Docket Nos. 6–8). Later, on March 25, 2011, the NATCA Defendants also requested that a pre-filing order be entered against Jenson requiring him to obtain leave of the Court before filing any additional actions against its officers and/or employees in this District. (Docket No. 20).

Jenson is not unfamiliar with the Courts, having filed twelve other actions relating to recovery of the same lost wages. *See National Air Traffic Controllers Association v. Pena, et al.*, U.S. Dist. Court, Northern Dist. of Ohio Case No. 1:94-cv-00547-JG (*case closed 03/02/1998*); *Brodowy et al. v. United States*, U.S. Court of Federal Claims Case No. 1:05-cv-00961-LMB (*case closed 07/11/2006*); *Jenson v. FAA*, U.S. Dist. Court, Dist. of Columbia Case No. 1:07-cv-00359-RWR (*case closed 06/29/2007)*; *Jenson v. Babbitt, et al.*, U.S. Dist. Court, Dist. of Columbia Case No. 1:10-cv-01071-ABJ; *Jenson v. United States*, U.S. Court of Federal Claims Case No. 1:10-cv-00598-EGB (*case closed 03/31/2011*); *Jenson v. U.S. Depart. of Justice, et al.*, U.S. Dist. Court, Dist. of Idaho Case No. 2:11-cv-00218-LMB; *Jenson v. Baskir, et al.*, U.S. Dist. Court, Dist. of Idaho Case No. 2:11-cv-00219-LMB; *Jenson v. Emerson, et al.*, U.S. Distr. Court, Dist. of Columbia Case No. 1:11-cv-00999-ABJ; *Jenson v. Carr*, U.S. Dist. Court, Middle Dist. of Florida Case No. 8:11-cv-01277-RAL-TGW (*case closed 06/10/2011*); *Jenson v. Carr*, U.S. Dist. Court, Middle Dist. of Florida Case No. 8:11-cv-01396-RAL-AEP (*case closed 07/20/2011*); *Jenson v. U.S. Office of Personnel Management*, U.S. Dist. Court, Dist. of Columbia Case No. 1:11-cv-01180-ABJ; and *Jenson v. Carr*, U.S. Dist. Court, Western Dist. of Washington Case No. 2:11-cv-01222-RSL; *See also Jenson v. Department of Transportation*, Merit Systems Protection Board Case No. SE-344303-0268-I-1 (*case closed May 26, 2004)*; *Jenson v. Department of Transportation, Federal Aviation Admin.*, DOT Complaint No. 2006-20012-FAA-02 (*case closed March 1, 2006*); *National Air*

*Traffic Controllers Association*, Federal Labor Relations Authority Case No. CH-CO-100033 (*case closed March 19, 2010*).

## II.

## Motion to Dismiss

In their Motion to Dismiss (Docket No. 8), Defendants argue that Jenson's claims are barred by the doctrines of collateral estoppel and res judicata. Defendants argue that Jenson has litigated the same claims in numerous federal courts and administrative proceedings. Defendants further argue that the instant action is "at least the twelfth legal proceeding initiated by Plaintiff Tracy Jenson since 2003 seeking redress for the same alleged injuries as reference in his Complaint." *Motion to Dismiss*, 1 (Docket No. 8). Notably, Jenson has filed two related actions that are now pending in this court. *See Jenson v. U.S. Dept. of Justice*, Case No. 2:11-cv-00218-LMB; *Jenson v. Baskir, et al.*, Case No. 2:11-cv-00219-LMB. Defendants argue that all of the referenced actions seek redress for the same alleged damages and as such, Jenson should be precluded pursuing them again here.

Jenson responds that this action should not be precluded for several reasons. First, Jenson argues that there have been no previous actions filed against the NATAC Defendants seeking money from personal income. Response, 1–2 (Docket No. 12) Jenson concludes that "[t]he prior cases ... have NOTHING TO DO with this case." *Id*. Jenson reasons that the actions referenced in Defendants' Motion to Dismiss concern

being put in an improper pay band, whereas this case concerns being deprived of pay raises. Notably, at the July 20, 2011, hearing, Jenson admitted that all of the referenced actions, including those filed subsequent to this case concern the same operative facts and lost wages.

### A. Claim Preclusion

Claim preclusion, or res judicata, prevents parties from re-litigating causes of action which were finally decided in a previous suit. Claim preclusion "insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. . . . It is consistent with these principles to permit a court which has been apprised by [a party] of an earlier decision . . . to examine the [preclusive] effect of that prior judgment *sua sponte*." *McClain v. Apodacai,* 793 F.2d 1031, 1032-33 (9th Cir. 1986). Claim preclusion applies when there is "(1) an identity of claims; (2) a final judgment on the merits;[2] and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

Jenson previously filed a suits naming defendant John Carr (Jenson v. Carr, 8:11-cv-01277-RAL-TGW, Mid. Dist. Of Florida; Jenson v. Carr II, Mid. Dist. Of Florida, 8:11-cv-01396-RAL-AEP; Jenson v. Carr III, West. Dist. Of Washington, 2:11-cv-01222-RSL), defendant Paul Rinaldi (Jenson v. NATCA, East. Dist. Of

---

[2] The phrase "final judgment on the merits is often used interchangeably with dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that with prejudice is an acceptable shorthand for adjudication on the merits); *see also Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999).

Washington, 2:10-cv-00069-RMP) but not defendants Ryan Smith, Marguerite Graff, and Ruth Marlin. However, Jenson has previously filed claims against the NATCA, of whom all the NATCA Defendants are a part. In all of the above referenced cases, as here, regardless of the named Defendants and/or theory of recovery, Jenson claims that the agreement between NATCA and the FAA caused him to receive a smaller pay increase than other employees.

In 2003, Jenson complained to the MSPB that "his reassignment to another position and the simultaneous conversion into a new pay system [caused] ... the loss of pay due to the FAA's non-compliance with pay regulations." *Defendants' Exhibit 1a* (Docket No. 8-2). The MSPB dismissed Jenson's claims finding that the FAA had not taken any adverse action against him.

In September of 2004, Mr. Jenson attempted to intervene in litigation between NATCA and the FAA by filing a motion for order of contempt. *NATCA v. Pena, et al.*, N. Dist. of Ohio Case No. 1:94-cv-00574-JG. Similar to this complaint, Jenson claimed that the agreement between NATCA and the FAA caused him to receive a smaller pay increase than other employees. The Ohio federal district court dismissed the claim, finding that it did not have subject matter jurisdiction.

In 2005, Jenson and nine other Plaintiffs brought an action against the United States in the United States Court of Federal Claims for back pay and lost pay raises arising out of the same privatization and pay changes by the FAA. *Brodowy, et al. v.*

*United States*, U.S. Crt. of Fed. Claims Case No. 1:05-cv-00961-LMB. Here, Jenson was represented by an attorney and the claims were dismissed on the Government's 12(b)(6) motion. The dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *Brodowy v. United States*, 473 F. 3d 1370 (Fed. Cir. 2007).

In January 2007, Jenson filed a claim against the NATCA and the FAA in small claims court in the District of Columbia. The following February, the case was removed to federal court and dismissed for Jenson's failure to respond to a Motion to Dismiss. In that action, he alleged a nearly identical claim and also sought the return of union dues and back wages.

In November of 2009, Jenson filed a complaint in the Eastern District of Washington, again alleging that NATCA improperly delayed his move to another facility and that he received a smaller pay increase than other employees in violation of the Equal Pay Act. *Jenson v. National Air Traffic Controllers Ass'n*, U.S.D.C., E.D. Wash. Case No. 2:09-cv-00336. The district court dismissed the complaint for failing to comply with the requirements of Fed. R. Civ. P. 8(a).

Jenson also has sought relief via the Federal Labor Relations Authority ("FLRA"). In 2009, Jenson filed an administrative unfair labor practice charge against NATCA before the FLRA seeking recovery for NATCA's failure to process his grievance and obtain a remedy under NATCA/FAA collective bargaining agreement in connection with

the FAA's privatization of towers and implementation of the new pay system. The FLRA dismissed the unfair labor practice charge on March 19, 2010.

Jenson filed another similar law suit that was screened out for legal and factual sufficiency, and dismissed. *Jenson v. National Air Traffic Controllers Ass'n*, U.S.D.C. E.D. Wash. Case No. 2:10-cv-00201.

After a thorough and lengthy review of the numerous and lengthy claims and lawsuits filed by Jenson, the Court finds, and thus concludes, that the elements of res judicata are well established. Federal District Courts in Ohio, Washington State, and Washington D.C., as well as the U.S. Court of Federal Claims, the Merit Systems Protection Board, the Department of Transportation and the Federal Labor Relations Authority have all rendered judgment on the merits of the same factual assertions raised here in this cause of action by Jenson, against the same defendants or their privies.

A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir.1986). Such a conclusion is supported by California's primary right theory, under which a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir.2009) (citation omitted). If this cause of action test is satisfied, then the same primary right is at stake,

even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery. *Id*.

Simply put, Mr. Jenson has pursued this set of facts giving rise to the same cause of action that have been alleged in the prior referenced lawsuits. The primary alleged rights regarding pay amount and structure, and the alleged harm are the same in all actions and the remaining elements of res judicata are also present. Notably, the parties involved in Jenson's numerous other complaints are substantially the same as Jenson's complaints have always been directed towards the FAA, the NATCA or an associated party.[3] Further, there is no indication that the other decisions were anything other than a judgment on the merits. *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."). Accordingly, Jenson's claims are barred by the doctrine of claim preclusion. Accordingly, NATCA Defendants' motion to dismiss the claims against Smith, Rinaldi, Graf, Carr and Marlin will be granted, and all claims against them will be dismissed with prejudice.

---

[3] This includes Judges assigned to previous cases and attorneys who represented parties opposing Jenson. Notably, there are two pending causes of action filed by Jenson in this District. *Jenson v. United States Department of Justice et al.*, 2:11-cv-00218-LMB, and *Jenson v. Baskir et al.*, 2:11-cv-00219-LMB. While Jenson expressed approval of consolidation of these cases with the above-captioned case, he has not consented to the jurisdiction of a magistrate judge to make final rulings in those claims. Thus, those cases will not be consolidated, but reassigned to a District Judge to consider dismissal of those complaints.

### B. Defendants Jerry Mellody, James Whitlow, Brett Daee, Lawrence Baskir, Joan Stentiford Swyers, Ventris Gibson, Randy Babbitt, Tami Wright, Stephen Gaffin, Anthony Tisdall, and Jeffrey Sumberg

Many of the remaining Defendants have also been named previously in some of Jenson's earlier litigation. It appears, however, that these Defendants have not been properly served. Accordingly, at this time, they will also be dismissed from this action without prejudice. Should Jenson provide proof of proper service on these Defendants by September 23, 2011, the case may proceed against those defendants.

### III.

### Motion for Pre-filing Order

Jenson has filed at least twelve lawsuits in the federal courts, including three in this district. Despite the fact that Jenson has not prevailed in the numerous claims he has made against various NATCA defendants, he continues to file suits and often fails to prosecute the cases once filed. In this action, Jenson is pursing his claims with *in forma pauperis* filing status.

In the Court's view, Jenson appears to be engaging in abusive litigation tactics through his multiple frivolous filings. Jenson's stated goal in all of his lawsuits are the same. However, because of the meritorious rulings against him, none of the cases he has filed or may file will accomplish his goal.

The Court finds that there is sufficient evidence of abusive litigation tactics to institute a vexatious litigant order against Plaintiff. This Court has inherent power to

"'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *De Long v. Hennessey and Mansfield*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Also, 28 U.S.C. § 1651(a) provides the authority for this Court to enjoin litigants with abusive and lengthy histories from future filings. *Id*.

The pre-filing review is not designed to prevent all of Plaintiff's lawsuits from being filed, instead, it is designed to provide a screening mechanism for Plaintiff's claims. Those actions not involving claims that have previously been found to lack merit and those complaints demonstrating claims upon which relief may be granted may be filed with the Court. Additionally, if Plaintiff obtains counsel to represent him in a lawsuit, the Complaint will not be subject to the pre-filing review Order. The Clerk of Court shall submit all pleadings subject to the Order to the Chief District Court Judge for review prior to the filing of the pleadings in this Court.

Accordingly, Mr. Jenson is hereby enjoined from filing any further action, pleading, documents, or letters against the NATCA or former and current NATCA employees and officers regarding lost wages, promotions, or pay schemes in this District without first obtaining leave of the Chief United States District Court Judge B. Lynn Winmill.

# ORDER

It is hereby **ORDERED**:

1. NATCA Defendants' *Motion to Dismiss* (Docket No. 8) is GRANTED;

2. Plaintiffs' *Motion to Dismiss Defendant's Attorney* (Docket No. 12) is DENIED as MOOT;

3. NATCA Defendants' *Motion for a Pre-filing Order* (Docket No. 19) is GRANTED.

    A. The Clerk of Court shall submit all pleadings subject to this Order to the Chief District Court Judge for review prior to the filing of the pleadings in this Court.

4. Defendants Jerry Mellody, James Whitlow, Brett Daee, Lawrence Baskir, Joan Stentiford Swyers, Ventris Gibson, Randy Babbitt, Tami Wright, Stephen Gaffin, Anthony Tisdall, and Jeffrey Sumberg are DISMISSED from this action.

5. Jenson's Complaint (Docket No. 2) is DISMISSED without prejudice and this case is CLOSED.

DATED: **August 23, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge